UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Zachary Smith, | ) C/A No.  9:10-2174-HFF-BM | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Govenor Mark Sanfore; | ) | |
| Institutional Director Jon Ozmit; | ) | |
| Warden McCall, | ) | |
| | ) | Report and Recommendation |
| Defendants. | ) | |
| | ) | |

_____

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff is an inmate at the Perry Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction.  *Erickson v. Pardus*, 551 U.S. 89 (2007);  *Estelle v. Gamble*, 429 U.S. 97 (1976).  Even when considered under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the



pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

Background

On August 19, 2010, Plaintiff's original complaint was received by the Court. ECF No. 1. Plaintiff's complaint alleged that policy "number HS 18.05 Title Sick Call and Dental Health Issue Date June 2007 . . . is a[n] unrelated subject and a Due Process violation." ECF No. 1, page 1. Plaintiff indicated that the language used in the policy/procedure violates his constitutional rights because it fails to "create any contractual right or entitlement," or "any contractual right of employment." *Id.* at 3, 7. Plaintiff also complained that the policy "reserve[s] the right to revise the content of the policy/procedure in whole or in part." *Id.* The original complaint sought "money damages." *Id.* at 4.

As Plaintiff's original complaint was difficult to understand, an Order was issued on August 31, 2010, which directed Plaintiff to submit his pleading on a standard complaint form. ECF No. 7. The Order also directed Plaintiff to provide service documents. *Id.* On September 22, 2010, Plaintiff's standard complaint form ("second complaint") was entered on the Court's docket. ECF No. 1-5. Plaintiff's second complaint was again "base[d] on this Policy and the title and number HS-18.05 title Sick Call and Dental Health Issue date June 2007." *See* ECF No. 1-5, page 4. Plaintiff alleged that the language of the policy, which is signed by Director Jon Ozmint, does not create employment or any contractual right. *Id.* Plaintiff further alleged that the policy is unconstitutional and constitutes a due process violation. *Id.* at 2,4. Plaintiff sought "a settlement of money." *Id.* at 5. An exhibit attached to the second complaint clarifies that the challenged policy "is not applicable



to emergency procedure, is not applicable to emergency medical situation[s], rather this policy/procedure addresses routine sick call dental care standards for the agency."   ECF No. 1-7.

Based on Plaintiff's failure to provide sufficient factual information to support a constitutional claim, a Report and Recommendation was issued on October 5, 2010, which recommended that Plaintiff's complaint be summarily dismissed without prejudice and without the issuance and service of process.   ECF No. 12.   Plaintiff filed an objection to the Report and Recommendation on October 22, 2010, seeking an opportunity to cure any defects in the case.   ECF No. 14.   On October 26, 2010, the case was remanded to provide Plaintiff an opportunity to file an amended complaint.   ECF No. 16.   Orders directing Plaintiff to submit an amended complaint were issued by the Court.   ECF No.'s 20, 27.   Plaintiff's amended complaint was received on December 21, 2010.   ECF No. 36.

As in Plaintiff's former pleadings, the amended complaint alleges that "HS 18.05 title Sick Call and Health Issue Date June 2007 is a[n] unrelated subject and is a due process violation." ECF No. 36, page 3.   Plaintiff again states that the language "used in this policy procedure [does] not create employment," and "[does] not create any contractual right."   *Id*. at 4.   "[T]he Agency reserve[s] the right to revise the content of [the] policy and procedure."   *Id.*   Plaintiff further states "it fail[s] to give note of chage[1] in punishment for crime violation of S.C. Const. Art. III" and "it relate[s] to more than one subject" in violation of the South Carolina Constitution.   *Id.* at 5.   Plaintiff also alleges that the policy constitutes "gross negligence," "medical malpractice," and "outrage."

---

[1] It is unclear whether Plaintiff is alleging that the policy fails to give notice of "charge" in punishment or that it fails to give notice of "change" in punishment, in violation of the South Carolina Constitution.



*Id.* at 9.  Plaintiff, who states that the policy is "slowly breaking him down mentally," seeks monetary damages and "declaratory judgment."  *Id.* at 10.

<u>Discussion</u>

The instant pleadings are filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979).  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

All of Plaintiff's pleadings allege that his due process rights have been violated pursuant to an unconstitutional prison policy related to "Sick Call and Dental Health," issued in "June 2007."  Plaintiff was given an opportunity to clarify the claims raised in his original complaint.  When Plaintiff's second complaint failed to provide additional facts,  Plaintiff was informed in a Report and Recommendation that his case was being recommended for dismissal without prejudice for failure to provide sufficient information to state a cognizable § 1983 claim.  Plaintiff then received yet another opportunity to cure the defects in his case by filing an amended complaint.  However,  Plaintiff's amended complaint also fails to specifically plead any facts to demonstrate how the sick call/dental health policy at issue violates Plaintiff's constitutional rights.  Indeed, the clauses of the policy cited by Plaintiff deal with the policy's alleged failure to create contractual rights.  No

4



allegations are made concerning procedures related to the actual provision, or denial of, medical and/or dental services.

In *Ashcroft v. Iqbal*, ---U.S. ----,129 S.Ct. 1937, 1949 (2009), the United States Supreme Court stated that, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" *Ashcroft,* 129 S.Ct. at 1949 (citations omitted). Although the Court must liberally construe *pro se* complaints, a plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) ("[C]omplaint failed to contain any factual allegations tending to support [prisoner's] bare assertion that he was deprived by prison policy of meaningful access to the courts."). Further, while a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must at a minimum allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in a complaint. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Hence, as Plaintiff's general allegations are insufficient to state a cognizable claim under § 1983 for violation of Plaintiff's constitutional rights, the instant case is subject to summary dismissal . 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, Plaintiff's allegation that the sick call and dental policy constitutes gross negligence, medical malpractice and outrage is not even a cognizable § 1983 claim, as claims under § 1983 must assert, and provide factual information to support, the violation of a right secured by the Constitution or laws of the United States. Thus, a § 1983 action may not be based only on a violation of state law or on a state tort. *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988); *see Daniels*

5



*v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987); *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Therefore, as Plaintiff fails to state a cognizable claim pursuant to § 1983, Plaintiff's state law causes of action should also be summarily dismissed. *See* 28 U.S.C. § 1367(c)(3).

<u>Recommendation</u>

Accordingly, it is recommended that the Court dismiss the amended complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 31, 2011
Charleston, South Carolina



6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

